# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul C. Stepnes, Pete Girard, Jan Girard, David B. Holland, Terry Yzaguirre, Ray Neset, Bennett Ross Taylor, Jr., and Judith Wallen Taylor,<br><br>Plaintiffs,<br><br>v.<br><br>Peter Ritschel, individual capacity; Jane Moore, individual capacity; City of Minneapolis; CBS Broadcasting, Inc., foreign corporation; and Esme Murphy, individual;<br><br>Defendants. | Civ. No. 08-5296 (ADM/JJK)<br><br>**SUPPLEMENTAL REPORT AND RECOMMENDATION** |

Jill Clark, Esq., Jill Clark, PA, and Michael C. Mahoney, Esq., Mahoney Anderson, LLC, counsel for Plaintiffs.

James Anthony Moore, Esq., and Sara J. Lathrop, Esq., Assistant Minneapolis City Attorneys, counsel for Defendants Peter Ritschel, Jane Moore, and City of Minneapolis.

Jeanette Melendez-Bead, Esq., Michael D. Sullivan, Esq., and Chad R. Bowman, Esq., Levine Sullivan Koch & Shulz, LLP, and John P. Borger, Esq., and Mary Andreleita Walker, Esq., Faegre & Benson LLP, counsel for Defendants CBS Broadcasting, Inc., and Esme Murphy.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before this Court as a supplement to its February 18, 2010 Sealed Report and Recommendation ("February 18 R&R") (Doc. No. 171). In the

February 18 R&R, this Court recommended that Defendant Peter Ritschel ("Sergeant Ritschel") be required to pay the reasonable attorney fees incurred by Plaintiffs as a result of the misconduct this Court identified therein.  Thus, this Court instructed counsel for Plaintiffs to submit an application for attorney fees, and informed the parties that upon receipt of such an application, this Court would issue a Supplemental Report and Recommendation recommending an award of reasonable attorney fees as a sanction for Sergeant Ritschel's misconduct.  (*Id.*)  On March 2, 2010, Plaintiffs' counsel filed an Application for Attorney Fees & Memorandum in Support, Relating to Misconduct of S[ergeant] Ritschel (Doc. No. 188).  This Court now issues the following Supplemental Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1, and recommends that Plaintiffs' application be granted in part allowing an award of $21,731.05 in fees and costs.

## DISCUSSION

This Court begins by noting that its recommendation in the February 18 R&R that Sergeant Ritschel pay the reasonable attorney fees incurred by Plaintiffs' counsel in this action for their efforts to protect Stepnes's rights is a sanction.  This Court recommended that this sanction be imposed pursuant its inherent power.  As noted in this Court's February 18 R&R, "[a] court must exercise its inherent powers with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction."  *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993).  Sanctions such as the assessment of

2

attorney fees can be appropriate when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455, 462 (8th Cir. 1983).

Plaintiffs' application for attorney fees and costs seeks an award of $159,969.30 for the work Plaintiffs' two attorneys performed as a result of the misconduct identified in this Court's February 18 R&R. (*See* Doc. No. 188, Application for Att'y Fees & Mem. in Supp., Relating to Misconduct of Sgt. Ritschel ("Application") 4.) Along with their application, Plaintiffs' lead counsel Jill Clark, Esq., and her co-counsel Michael Mahoney, Esq., have submitted the Declaration of Jill Clark Re Attorney Fees and Costs and the Declaration of Michael C. Mahoney in Support of Application for Award of Attorneys' Fees and Costs, along with exhibits reflecting each attorney's time-keeping records. (Doc. No. 189, Mahoney Decl.; Doc. No. 190, Clark Decl.) Ms. Clark indicates that her fees include $39,198.75 left uncompensated by a Minnesota State court's order granting an award of attorney fees in a collateral action, and another $45,693.25 billed at either $230 per hour or $300 per hour depending on the services involved. She also asserts that she incurred costs of $731.05. In his time-keeping records, Mr. Mahoney represents that he performed 174.29 hours of work on this issue at his customary rate of $425 per hour, yielding a total of $74,073.25 in attorney fees.

After receiving Plaintiffs' request for attorney fees and costs, this Court ordered Defendants the City of Minneapolis and Sergeant Ritschel to file a

3

response. (Doc. No. 195.) Specifically, this Court instructed these Defendants to explain their position on the reasonableness of Plaintiffs' attorney-fees request and to inform this Court whether the City would indemnify Sergeant Ritschel for any monetary sanction imposed. (*Id.*) On March 12, 2010, these Defendants filed their response informing this Court that the City will indemnify Sergeant Ritschel for any award of attorney fees. (Doc. No. 216 at 2.) They have also taken the position that Plaintiffs' attorney-fees request is unreasonable because the fees left unpaid as a result of the award in the collateral state-court proceeding should not be awarded here, and the hours Plaintiffs' attorneys' have claimed are excessive. (*Id.* at 3-7.)

Having received the parties' submissions and reviewed the record in this matter, this Court now makes the following findings and conclusions. Plaintiffs' counsel's request for nearly $160,000 in fees and costs is grossly disproportionate to the work reasonably necessary to protect Stepnes's interests, and the attorney-fees sanction should be far lower than such a request. *Cf. Jaquette*, 710 F.2d at 459 (noting that a court may reduce a lodestar "if there are articulable reasons for that actions") (quotations omitted). In the absence of any reason to believe otherwise, this Court assumes that counsel for Plaintiffs, as officers of the Court, have truthfully represented that they actually did work the hours presented in their application. However, Sergeant Ritschel should not be sanctioned for work that appears to have been excessive to the point of overkill. *See id.* (quoting *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092

(5th Cir. 1982) (reducing fee calculation when counsel has "pursu[ed] too zealously a claim that did not warrant such intensive effort")).

Here, fashioning an "appropriate sanction," *see Harlan*, 982 F.2d at 1262, requires consideration of the sanction's proportionality to the prejudice caused to Plaintiffs. *See Furminator, Inc. v. Kim Laube & Co., Inc.*, No.4:08CV00367 ERW, 2009 WL 5176562, at *4 (E.D.Mo. Dec. 21, 2009) (noting that the sanction sought was "proportional to the prejudice caused to the Plaintiff"); *see also Zenian v. Dist. of Columbia*, 283 F. Supp. 2d 36, 38 (D.D.C. 2003) (observing in the context of a defendant's failure to produce certain documents that a just sanction should be tailored to address the harm done and cure any prejudice created to the other party, and awarding, in part, a sanction of the costs and attorney fees incurred by the plaintiff in bringing a motion to remedy the harm caused by the non-disclosure). Plaintiffs' counsel's application claims time so unreasonably disproportionate to the tasks necessary to remedy the potential prejudice caused by Sergeant Ritshcel's misconduct that this Court finds the application unhelpful in determining a reasonable sanction.

In fashioning the appropriate sanction here, this Court relies on its own experience and understanding of the efforts reasonably necessary to protect Stepnes's privileged communications from disclosure. *See Jaquette*, 710 F.2d at 461 n.12 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) ("The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar

5

activities.")); *see also Gonzalez v. Trinity Marine Group, Inc.*, Civil Action No. 94-2838, 1997 WL 106718, at *2 (E.D.La. Mar. 10, 1997) (reducing a defendant's request for an award of attorney fees and costs of $127,515.16 as a sanction for the plaintiff's misconduct to ten percent of the requested sum based on the reasonable amount of time necessary to address the misconduct). An attorney's view of what is a reasonable amount of time to spend in protecting a client's interests is often influenced by the discipline instilled by actually charging a client for the work performed by the attorney. It is obvious that there was no such check placed on the attorneys making this fee application. It is not hard to imagine what Stepnes's reaction would have been if he had actually received a bill for $160,000 for the work involved here. Presumably, as an astute businessperson, after recovering from shock, he would have asked some very hard questions about the relationship between cost and benefit. The attorneys have presented no proof that any bills were sent out to Stepnes at all. The fees sought here represent only a wished-for windfall that Stepnes's attorneys hope will be imposed to punish Sergeant Ritschel's indemnitor, the City of Minneapolis.

In this Court's view, Plaintiffs' counsel's reasonable efforts to protect Stepnes's privileged materials from disclosure include such things as: (1) preparation for and drafting of the papers submitted in motion practice in this Court to bring the attorney-client-privilege issues to light; (2) preparation for and the conduct of the depositions of Officer Hanson and Sergeant Ritschel; (3) preparation of written discovery related to the attorney-client-privilege issues;

and (4) time spent in motion practice to deal with the problems created by Sergeant Ritschel's evasive testimony during his deposition. Much of the other work that Plaintiffs' counsel has asserted was reasonably expended in relationship to the attorney-client-privilege issues, such as the review of information from Stepnes's computers, overlaps with efforts they would have needed to perform as a result of bringing this action even absent Sergeant Ritschel's misconduct. Other efforts they have claimed were reasonably necessary here have already been compensated by the order in the collateral state court proceedings. Further, many of the entries in their time records provide so little detail that this Court cannot even determine the nature of the work performed, let alone whether it was reasonably necessary to protect Stepnes's privilege. Still other time they claim was reasonably expended amounts to nothing more than an unnecessary focus on an issue tangential to the merits of this case. Indeed, relatively early on in this litigation the City of Minneapolis returned all versions of the hard-drive information it had to Plaintiffs, and Plaintiffs' counsel's attempts to claw back allegedly privileged information from the CBS Defendants were largely excessive. (*See* Doc. No. 180, Mar. 1, 2010 Order and Memorandum.)

In this Court's judgment, Plaintiffs' attorneys should reasonably have expended no more than seventy hours on the above-listed tasks that were reasonably necessary to protect Stepnes's privileged communications with his attorneys. Based on the customary rates charged by both attorneys representing

Plaintiffs, this Court finds that an averaged hourly rate of $300 per hour is reasonable under the circumstances. This court also finds that Sergeant Ritschel should be required to pay the reasonable expenses incurred by Plaintiffs' counsel in connection with the above-listed tasks, which this Court determines to be $731.05. Thus, this Court concludes that a sanction for Sergeant Ritschel's misconduct that is proportional to the resulting prejudice to Plaintiffs is $21,000.00 in attorney fees and costs and recommends that Sergeant Ritschel be required to pay a total sanction of $21,731.05 to Plaintiffs.

As discussed in the February 18 R&R, this Court has modified the normal timing for any objections to both the February 18 R&R and this Supplemental Report and Recommendation. Any objections to both the February 18 R&R and this Supplemental Report and Recommendation shall be filed on or before April 1, 2010.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Application for Attorney Fees & Memorandum in Support, Relating to Misconduct of S[ergeant] Ritschel (Doc. No. 188), be **GRANTED IN PART**; and

2. Sergeant Ritschel be required to pay $21,731.05 in fees and costs as a sanction for the misconduct identified in the February 18 R&R.

Date: March 22, 2010

    *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Supplemental Report and Recommendation and/or this Court's February 18, 2010 Report and Recommendation by filing with the Clerk of Court, and serving all parties a writing which specifically identifies those portions of either Report to which objections are made and the basis of those objections.  Any such objections shall be filed **on or before April 5, 2010**.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Supplemental Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Supplemental Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within fourteen days of receipt of the Report.