UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul C. Stepnes, Pete Girard,
Jan Girard, David B. Holland,
Terry Yzaguirre, Ray Neset,
Bennett Ross Taylor, Jr., and
Judith Wallen Taylor,

      Plaintiffs,

v.

Peter Ritschel, individual capacity;
Jane Moore, individual capacity,
City of Minneapolis; CBS Broadcasting, Inc.,
foreign corporation; and Esme Murphy,
individual;

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-5296 ADM/JJK

---

Jill Clark, Esq., Jill Clark, PA, Golden Valley, MN, on behalf of Plaintiffs.

James Anthony Moore, Esq., and Sara J. Lathrop, Esq., Assistant Minneapolis City Attorneys, Minneapolis, MN, on behalf of Defendants Peter Ritschel, Jane Moore, and City of Minneapolis.

Jeanette Melendez-Bead, Esq., Michael D. Sullivan, Esq., and Chad R. Bowman, Esq., Levine Sullivan Koch & Schulz, LLP, Washington, D.C.; John P. Borger, Esq., and Mary Andreleita Walker, Esq., Faegre & Benson, LLP, Minneapolis, MN, on behalf of Defendants CBS Broadcasting Inc., and Esme Murphy.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiffs Paul C. Stepnes ("Stepnes"), Pete Girard, Jan Girard, David B. Holland, Terry Yzaguirre, Ray Neset, Bennett Ross Taylor, Jr., and Judith Wallen Taylor's (collectively "Plaintiffs") Appeal ("Appeal") [Docket No. 222] from Magistrate Judge Jeffrey J. Keyes's March 1, 2010 Order and Memorandum ("Order") [Docket No. 180] denying in part and

granting in part Plaintiffs' Motion to Disqualify Counsel and for other Non-Dispositive Relief [Docket No. 105]. For the reasons stated below, Plaintiffs' Appeal is denied and the Order is affirmed.[1] Additionally, the Court adopts the unopposed Report and Recommendation filed February 18, 2010 [Docket No. 171] and Supplemental Report and Recommendation dated March 22, 2010 [Docket No. 226].

## II. BACKGROUND

The facts and procedural history of this dispute are thoroughly set forth in Judge Keyes's Order and are incorporated by reference. Accordingly, only a brief version of the relevant facts and procedural history is presented here.

Plaintiffs' Motion to Disqualify stems from the handling of information derived from two of Stepnes's computer hard drives by attorneys representing Defendants CBS Broadcasting, Inc. and Esme Murphy (collectively, the "CBS Defendants"). The information was provided to counsel for the CBS Defendants by Sara Lathrop ("Lathrop"), counsel for Defendants Sgt. Peter Ritschel, Sgt. Jane Moore, and the City of Minneapolis. Lathrop erroneously believed that a state court judge had authorized disclosure of the material. The state court judge, in an oral order, had stated the material was not to be reviewed due to the possibility that the information was protected by the attorney-client privilege. See Clark Aff. [Docket No. 35] at Ex. 19; 1st Walker Aff. [Docket No. 52] ¶ 2; Bead Aff. [Docket No. 129] ¶¶ 2-3.

---

[1] In addition to failing on the merits, Plaintiffs' Appeal is untimely. The Appeal was filed in noncompliant form on March 19, 2010 [Docket No. 221] and in corrected form on March 21, 2010. Although the March 1, 2010 Order was modified on March 5, 2010 [Docket No. 194], Plaintiffs' Appeal relates solely to rulings in the March 1, 2010 Order. Local Rule 72.2(a) required Plaintiffs to file their Appeal within fourteen days after entry of the March 1, 2010 Order, or by March 15, 2010.

In June, 2009, Lathrop allowed Mary Andreleita Walker ("Walker"), a local attorney for CBS Defendants, to view the Minneapolis Police Department's Computer Forensic Examination Report (the "Forensic Report") generated from Stepnes's hard drives.[2] The Forensic Report resided on a compact disc and included folders titled "Evidence Intake Photos," "Forensic Examination Report," and two files in Portable Document Format. 1st Walker Aff. ¶ 4. During her review of the Forensic Report documents, Walker identified, but did not review, subfolders that appeared to relate to potentially privileged e-mails between Stepnes and his counsel, Jill Clark. Id. ¶ 7. Walker created a new folder on her laptop entitled "CD Report - Key Docs" (the "Key Documents folder"), in which she placed copies of documents she believed were related to this lawsuit from the Forensic Report. Id. ¶ 9. She also copied onto her laptop all items on the compact disc except for the subfolders that appeared to include potentially privileged e-mails. Id. ¶ 8. Her review of the Forensic Report lasted approximately six hours. Id. ¶ 10.

On June 29, 2009, Walker created and sent two compact discs to CBS Defendants' counsel at Levine, Sullivan, Koch & Schulz, LLP ("Levine Sullivan") in Washington, D.C. Id. at ¶ 11. One disc contained a copy of the Forensic Report but did not include the potentially privileged e-mail folders. Id. The other disc contained only the Key Documents folder. Id. She also sent the Key Documents folder to Levine Sullivan in an e-mail "zip file" and by conventional mail. Id.

Counsel at Levine Sullivan avers that the only information reviewed by members of the Levine Sullivan firm was the information contained in the Key Documents folder. Sullivan Aff.

---

[2] The Minneapolis Police Department's forensic search of Stepnes's hard drives also appears to have been conducted under the erroneous understanding that a state court judge had authorized the search. Clark Aff., Ex. 19 at 1.

3

[Docket No. 49] at ¶ 6. Walker avers she has not viewed the documents in the Forensic Report or the Key Documents folder since June 29, 2009, when she sent them to Levine Sullivan. 1st Walker Aff. ¶ 12.

In August, 2009, it became known that Stepnes's hard drives had been accessed based on the misunderstanding of the state court's oral order. Clark Aff., Sept. 10, 2009 [Docket No.35] Ex. 18, 19. Plaintiff filed a Motion to Disqualify counsel for CBS Defendants. At the hearing, Judge Keyes required Plaintiffs' counsel to provide for his *in camera*, *ex parte* review a copy of the allegedly privileged communications, along with an explanation of why the documents are privileged and the advantage gained by CBS Defendants due to their attorneys' review of the documents. Order at 8, 14. After reviewing the materials, Judge Keyes concluded that the viewing of the hard drive information by CBS Defendants' counsel did not result in a continuing taint on the proceedings or provide CBS Defendants with an unfair advantage. Order at 14-23. Plaintiffs' Motion to Disqualify was therefore denied. Id. at 23.

## III. DISCUSSION

### A. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996). "A decision is

4

'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

B.  **Plaintiffs' Objections**

The Court has analyzed Plaintiffs' thirty five arguments and concludes that Judge Keyes' thorough Order was neither clearly erroneous nor contrary to law.

First, Judge Keyes's denial of the Motion based on Plaintiffs' failure to show a continuing taint or potential harm to this litigation is soundly supported by the law. See Olson v. Snap Prods., Inc., 183 F.R.D. 539, 542 (D. Minn. 1998) (noting that the party moving to disqualify opposing counsel bears the burden of showing disqualification is necessary); Macheca Trans. Co. v. Phila. Indem. Co., 463 F.3d 827, 833 (8th Cir. 2006) (warning "the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary"). In reaching his decision, Judge Keyes recognized that a court must balance "the plaintiff's right to retain counsel of his or her choice against the opposing party's right to prepare and try a case without prejudice." Order at 9 (citing Nesselrotte v. Allegheny Energy, Inc., Civil Action No. 06-01390, 2008 WL 2890832, *4 (W.D. Pa. July 23, 2008)). This balancing test is strikingly similar to that urged by Plaintiffs. See Appeal ¶ 16 (noting that "the right of a party to select one's own counsel should be balanced against the right of a party to have a trial free from even the *risk* that confidential information has been unfairly used against it"). Here, Judge Keyes found that the risk of prejudice which may result from the disclosure of privileged and non-privileged information is "far fetched" and "fanciful," and does not warrant disqualification.

Order at 17-23. Therefore the decision, while not weighing in Plaintiffs' favor, is not contrary to law.

Additionally, Plaintiffs have not identified a clearly erroneous finding which would lead the Court to firmly conclude that a mistake has been committed. Many of the objections merely recycle rejected arguments made in the Motion to Disqualify by: (1) "respectfully disagree[ing]" with Judge Keyes's findings, (2) alleging that some of Plaintiffs' arguments were not addressed in the Order, or (3) contending that certain findings were not entirely accurate. See, e.g., Appeal ¶¶ 2-3, 6-9, 12-15, 17-19, 21-31, 33-35. However, the Court's review of the entire evidence indicates that the decision is not erroneous, much less clearly erroneous.

Plaintiffs' Appeal also mischaracterizes some of the findings in the Order. For example, Plaintiffs allege that Judge Keyes erred by focusing solely on information contained in the "Key Documents" folder and not considering the harm caused by counsel's viewing of other hard drive information in the Forensic Report. Appeal ¶ 1. However, Judge Keyes observed that Walker was the only attorney to view Forensic Report data not included in the "Key Documents" folder, and that she had not accessed the data since June 29, 2009. Order at 5-7. Judge Keyes determined that, based on the limited disclosure of data outside the "Key Documents" folder, "the only documents relevant to the disqualification issue are those that appear in the Key Documents Folder." Id. at 14. Plaintiffs further allege Judge Keyes did not consider the prejudice caused by CBS Defendants' counsel's viewing of unprivileged information that would not have been requested in discovery. Appeal ¶ 10-11, 32, 34. However, Judge Keyes analyzed the allegedly harmful disclosures and determined they did not provide CBS Defendants with an unfair advantage. Order at 17-20. Judge Keyes also noted that some of the non-privileged

6

disclosures would have been sought in discovery because their subject directly related to one of the defenses asserted in the case.  Id. at 23.

Finally, several of Plaintiffs' arguments are based on the inability to depose CBS Defendants' counsel regarding their knowledge of the contents of Stepnes's hard drive.  Appeal ¶¶ 4-5, 20.  However, Plaintiffs did not object to Judge Keyes's earlier ruling prohibiting them from deposing CBS Defendants' counsel on this issue.  See Protective Order, Dec. 18, 2009 [Docket No. 138].  Plaintiffs cannot now argue that information which may have been discovered in such depositions would refute the findings in the Order.  See L.R. 72(a) ("a party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made").

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

A. Plaintiffs' Appeal [Docket No. 222] is **DENIED**;

B. The Order [Docket No. 180] is **AFFIRMED;**

C. The unopposed Report and Recommendation filed February 18, 2010 [Docket No. 171] is **ADOPTED**; and

D. The unopposed Supplemental Report and Recommendation dated March 22, 2010 [Docket No. 226] is **ADOPTED**.

BY THE COURT:

s/Ann D. Montgomery

Dated: June 1, 2010

ANN D. MONTGOMERY

U.S. DISTRICT JUDGE